[Decided January 31, 1888.]

## UNITED STATES *v.* D. W. SMALL, AND D. W. SMALL *v.* UNITED STATES.

1. COMPLAINT, SUFFICIENCY OF—WAIVER. — A complaint cannot be attacked after judgment on appeal, if no objections have been reserved, if it is sufficient to support a judgment.
2. COSTS—UNITED STATES CASES. — In cases arising under the laws of the United States, the costs, fees, and disbursements must be taxed according to the provisions of the act of congress, and not according to the territorial statutes regulating costs, when the United States is the prevailing party.
3. WITNESSES, FEES OF—MILEAGE—DISTRICT COURT, JURISDICTION OF.—Witness fees in United States cases are taxable, irrespective of distance, when the witness is summoned anywhere in the territory, he being compelled to attend without regard to distance. If the witness comes from without the territory, the one-hundred-mile limitation applies. For the purpose of compelling the attendance of witnesses, the process and jurisdiction of the District Courts are co-extensive with the territorial limit.

CROSS-APPEALS from the District Court holding terms at Walla Walla. First District.

Civil action by the United States to recover the value of timber cut by defendant on public lands of the United States and converted by him to his own use. Issues were joined and a trial had, resulting in a verdict and judgment for the plaintiff.

Plaintiff filed a cost bill, in which were included fees of clerk, marshal, witnesses, and attorney, as provided by chapter 16, Revised Statutes of the United States; the whole amounting to $286.08.

Defendant thereupon moved for retaxation of costs and a disallowance of the same, and also for a disallowance of cer-

tain items therein set forth. This motion was sustained, and costs were accordingly retaxed and reduced by the court. from $286.08 to $154.66; the court holding that the costs should be taxed under chapter 153 of the Code of Washington. From this order the plaintiff appealed, claiming that costs should be taxed under the act of congress above referred to. Defendant also appealed, claiming a total exemption from any costs in United States cases, and also objected to the allowance of marshal's fees for summoning of certain witnesses, because said witnesses were summoned in the territory, but out of the First Judicial District, and more than 100 miles from the place of holding court. Defendant also objected to all amounts claimed as mileage for certain of plaintiff's witnesses which exceeded the sum of three dollars for sixty miles travel going and returning, claiming that the travel beyond that distance was unnecessary, and that the evidence of the witnesses should have been taken by deposition.

In the Supreme Court, the defendant also objected to the sufficiency of the complaint, having made no objections whatever to the same in the District Court.

*Mr. W. H. White, United States Attorney,* for the Appellant.

Section 823, Revised Statutes, clearly prescribes what shall be the compensation taxed and allowed to district attorneys, clerks, marshals, witnesses, etc., in the states and *territories.* (See also sec. 1883, Rev. Stats. U. S.)

The sovereign authority of the country is not bound by the words of a statute, unless named therein, if the statute tends to restrain or diminish the powers, rights, interests, or remedies of such authority in the slightest degree. Hence the acts of the local legislature do not apply to the United States. (*U. S.* v. *Herron,* 20 Wall. 255.) To hold that the acts of the legislature control in cases in which the United States sue, would, in effect, repeal sections 823, 1883, 236, 886, 951, and 957 of the Revised Statutes, and all other provisions governing procedure and rules of evidence in United States cases.

*Messrs. Anders, Brents & Clark,* for the Appellee, and *Mr. Cross,* for the Appellant.

But for the provisions of the judiciary act, adopting as the rule and measure of costs the laws of the several states in which the federal courts are held, costs would not be recoverable in these courts. (*The Baltimore,* 8 Wall. 388; *Hathaway* v. *Roach,* 2 Woodb. & Minn. 63; *Ethridge* v. *Jackson,* 2 Sawy. 598; *Pentlarge* v. *Kirby,* 20 Fed. Rep. 898. District courts in the territories are not circuit or district courts of the United States. (*Clinton* v. *Englebrecht,* 13 Wall. 447.) Neither are territories states within the meaning of the judiciary act. (*Barney* v. *Baltimore,* 6 Wall. 280; *Land Co.* v. *Elkins,* 20 Fed. Rep. 545.)

The only cases under the laws of the United States in which the prevailing party is expressly authorized to recover his costs from the opposite party are those enumerated in sections 968, 975 of Revised Statutes  This case, not being therein enumerated, is necessarily excluded by application of the familiar maxim, *Expressio unius, est exclusio alterius.* (*People* v. *Board of Police,* 39 N. Y. 520; *State* v. *Kinney,* 41 N. H. 238; *Kneass* v. *Schuylkill Bank,* 4 Wash. C. C. Rep. 106; *Coggill* v. *Lawrence,* 2 Blatchford Rep. 304.) Complaint is defective for stating that timber was cut on unsurveyed lands within the limits of the grant to the Northern Pacific Railroad Company, without specifying whether the same was cut upon the odd or even sections. (*U. S.* v. *N. P. R. R. Co.,* 12 Pac. Rep. 769.)

*Mr. W. H. White, United States Attorney,* in reply.

When evidence has been received without objections, making out a cause of action, and especially after a favorable verdict upon such evidence, the utmost liberality is shown by courts in confirming the averments of the pleadings to the case as proved, if the ends of justice are subserved thereby. (Pomeroy on Rem. and R. R., sec. 566; *Hodge* v. *Sawyer,* 34 Wis. 397; *Oates* v. *Kendall,* 67 N. C. 241.) In United States civil cases the whole territory is

within the jurisdiction of the District Court, and a witness may be subpœnaed at any place in the territory, and compelled to attend, irrespective of distance, and be authorized to receive mileage accordingly. (*Waddell & Miles* v. *Str. Daisy*, 2 Wash. 85; *Young* v. *Ins. Co.*, 29 Fed. Rep. 273.)

Mr. Chief Justice Jones delivered the opinion of the court.

We cannot consider the sufficiency of the complaint in this action; a trial has been had and judgment entered, and the pleading cannot be attacked on this appeal, as no objection thereto is reserved, and it is sufficient to support the judgment.

The contention here is as to whether the United States has a right to tax costs under the act of congress or under the territorial statute.

We have no doubt the national act must prevail. The territorial act cannot repeal the federal statutes, and the fees thereby allowed must be taxed when the United States is the prevailing party. Marshals, clerks, jurors, and witnesses have a right to demand and receive pay under that statute, and their fees are necessary disbursements in the action.

It is contended that, under the national law, witness fees for mileage cannot be allowed for a greater distance than one hundred miles. This would be true if the witness came from without the "district" over which the court has jurisdiction, and there are authorities so holding, the word "district" being used with reference to the territorial limits of a district court in one of the states of the Union.

The rule in the district courts of the United States does not seem to be uniform, but we think that within the jurisdiction of the court, so far as determined by territorial boundaries, the witness may be compelled to attend without regard to distance, and his compensation ought to be taxed and allowed. If he comes from without the district, the one-hundred-mile limitation applies.

The process and jurisdiction of the courts of this territory are co-extensive with the territorial limits, and fees should be allowed to witnesses accordingly.

The court below taxed and allowed costs under the statute of the territory. The cause will be remanded, with instructions to allow them as indicated in this opinion, the costs of this court to be taxed against the defendant below.

TURNER, J., and ALLYN, J., concurred.